IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RANDAL SCOT COMBS, ) | |
| Plaintiff, ) | |
| v. ) | CIV 06-2044 PHX JWS (MEA) |
| MARICOPA COUNTY SHERIFF'S ) OFFICE, et al., ) | REPORT AND RECOMMENDATION |
| Defendants. ) | |

**TO THE HONORABLE JOHN W. SEDWICK:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C).

Before the Court is Plaintiff's motion for leave to file an amended complaint (Docket No. 33). Also pending are Plaintiff's motion (Docket No. 35) for leave to file this amended complaint on other than a court-approved form and Plaintiff's motion (Docket No. 34) to consolidate this matter with another section 1983 suit.

**I Procedural background**

Plaintiff filed his initial complaint in this matter on August 25, 2006, which was dismissed with leave to amend, and filed his first amended complaint on October 31, 2006. Plaintiff lodged a second amended complaint on December 8, 2006, which complaint was docketed on December 27, 2006. Plaintiff lodged his third amended complaint on March 12, 2007. Although Plaintiff's motion is styled as one for leave to file a second amended complaint, the complaint lodged with the motion would actually be the third amended complaint.

On November 15, 2006, the Court dismissed all of the claims stated in the amended complaint except Count II and all of the defendants named in the amended complaint except Defendant Friedman. See Docket No. 8. Plaintiff lodged his second amended complaint on December 8, 2006. See Docket No. 14. Defendant Friedman was served with the amended complaint on December 6, 2006. See Docket No. 15. Plaintiff's second amended complaint was docketed on December 27, 2006, naming Detention Officers Abrego, Waters, Nyakondo, Whitney, Camandini, the Maricopa County Sheriff's Office, Dr. Friedman, and the Maricopa County Health Services department as Defendants. See Docket No. 20.[1]

Plaintiff, presently incarcerated in the Eyman Unit of the Arizona State Prison in Florence, Arizona, filed a *pro se*

---

[1] The undersigned incorrectly granted Plaintiff permission to file the second amended complaint because the undersigned did not note Plaintiff had previously filed an amended complaint. See Docket No. 19.

-2-

complaint in this Court pursuant to 42 U.S.C. § 1983 on August 25, 2006, regarding his pre-trial detention at the Towers Jail facility. Plaintiff filed an amended complaint on October 31, 2006. Docket No. 7. Plaintiff alleged violation of his constitutional rights by the defendants while he was a pre-trial detainee at the Maricopa County Towers Jail facility. Plaintiff named Maricopa County, the Maricopa County Sheriff's Office, the Maricopa County Health Services department, Joseph Arpaio, and "Dr. Freidman and his staff" as defendants. Plaintiff alleged Defendants exhibited "gross negligence" by deliberately refusing to assign him to a lower bunk due to his seizures, resulting in his falling out of his bunk to the floor "while in a seizure" resulting in "head, neck and back injuries..." Id. at 4 (Count I). Plaintiff also alleged Dr. Freidman violated his Eight Amendment rights by being deliberately indifferent to his serious medical needs, i.e., refusing to prescribe Dilantin for his seizures prior to his injury and by not allowing Plaintiff to be seen by a neurologist after his injury. Id. at 5 (Count II). The amended complaint seeks declaratory relief, injunctive relief and monetary damages against Defendants. Id. at 7.

As stated *supra*, on November 15, 2006, the Court dismissed all of the claims stated in the amended complaint except Count II and all of the defendants named in the amended complaint except Defendant Freidman. See Docket No. 8. The Court concluded the Maricopa County Sheriff's Office was not an entity amenable to suit pursuant to section 1983. See id. at 3. The Court further concluded Plaintiff had not stated a section

1983 "policy or custom" claim against the Maricopa County Health Services department and, accordingly, dismissed this defendant. Id. at 3-4. The Court noted there is no respondeat superior liability pursuant to section 1983 and dismissed Defendant Arpaio. Id. at 4. The Court dismissed Count I of the complaint because Plaintiff had not linked the act of not placing him in a lower bunk to any named defendant. Id. at 5.

Plaintiff lodged his second amended complaint on December 8, 2006. See Docket No. 14. Plaintiff named as Defendants the Maricopa County Sheriff's Office, and Detention Officers Abrego, Waters, Whitney, Camandini, Nyakondo, the Maricopa County Health Services department, and Dr. Freidman as Defendants. Docket No. 20. Plaintiff asserted Detention Officer Abrego assigned him to an upper bunk despite Defendant Freidman's notice to Defendant Abrego that Plaintiff needed a lower bunk. Id. at 2. Plaintiff further contends that Detention Officers Waters, Nyakondo, Camandini, Whitney, and Abrego were each at different times on different days asked to relocate Plaintiff to a lower bunk, that Plaintiff showed these individuals his medical order, and that each officer ignored his requests. Id. at 3. Plaintiff alleges the individual defendants did not follow the policy and customs of the Maricopa County Sheriff's Office and the Maricopa County Health Services department by forcing him to sleep in an upper bunk despite a medical order that he should be assigned a lower bunk. Id. at 4. Plaintiff's second amended complaint seeks declaratory and injunctive relief, and compensatory and punitive monetary

-4-

damages against all named defendants.

Plaintiff's third amended complaint (captioned as "Second Amended Complaint") was lodged March 12, 2007, in tandem with a "Motion for Leave to File Second Amended Complaint and Motion for Consolidation of Claims" and a "Motion for Leave to File Second Amended Complaint on Other than Court-Approved Form." <u>See</u> Docket No. 34, Docket No. 35. Plaintiff's motion for "consolidation of claims" seeks to consolidate this case with <u>Combs v. Arpaio, et al.</u>, No. 2:06 CV 2680 JWS MEA.

In Plaintiff's most recent, third amended complaint, Plaintiff seeks to amend his complaint to name as defendants Joseph Arpaio and the individual members of the Maricopa County Board of Supervisors, and Detention Officers Waters, Camandini, Nyakonda, Abrego, Myers and Whitney, who were previously named, and Detention Officer Kannar, who was not previously named, and Defendant Dr. Freidman. <u>See</u> Docket No. 34. Plaintiff alleges the same essential factual basis for his claims of violation of his Eighth Amendment rights. However, Plaintiff now additionally asserts that, at the time of his admission to the Towers Jail, he suffered from a "rare allergy to metal and metal alloys." <u>Id.</u> at 4. Plaintiff also adds the factual allegation that Defendant Abrego placed him in handcuffs despite knowing of this alleged allergy and that Defendant Myers did not intervene in this act. <u>Id.</u> at 6. Plaintiff further alleges Defendant Kannar also placed him in metal handcuffs despite knowledge of his alleged allergy and that Defendant Myers again did not intervene. <u>Id.</u> Plaintiff alleges that, as a result of being

-5-

1 placed in metal handcuffs despite his allergy, he experienced
2 swelling, itching, rashes and extreme pain.  Id.
3         Plaintiff alleges Sheriff Arpaio is liable to him
4 because he failed to adequately train the individual Detention
5 Officers who caused his constitutional injuries.  Id. at 7.
6 Plaintiff asserts the Maricopa County Board of Supervisors are
7 liable to him because they knew or should have known about the
8 unconstitutionally crowded living conditions experienced by
9 detainees at the Towers Jail and that they deliberately caused
10 these conditions by failing to adequately fund the jail.  Id. at
11 7-8.  Plaintiff contends his constitutional rights pursuant to
12 the Fourteenth Amendment have been violated, and also states
13 causes of action pursuant to state law, i.e., medical
14 malpractice, gross negligence, negligence, and negligent
15 infliction of emotional distress.  Id.  Plaintiff seeks
16 declaratory relief, and compensatory and punitive damages.  Id.
17         **II Analysis**
18         Rule 15(a), Federal Rules of Civil Procedure, provides
19 that a plaintiff should be given leave to amend his complaint
20 when justice so requires.  See, e.g., United States v. Hougham,
21 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United
22 States, 481 F.2d 1187, 1190 (9th Cir. 1973).  Additionally, the
23 Court must screen all cases in which an inmate or detainee seeks
24 redress from a governmental entity or employee of a governmental
25 entity.  See 28 U.S.C. § 1915A(a) (2006).  The Court must
26 identify cognizable claims or dismiss the complaint, or any
27 portion of the complaint, if it "is frivolous, malicious, or
28                                    -6-

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15--to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality. This policy is applied even more liberally to pro se litigants.

Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations and quotations omitted).

In exercising its discretion with regard to a motion to amend a complaint filed after a responsive pleading, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment. See Schlachter-Jones v. General Tele., 936 F.2d 435, 443-44 (9th Cir. 1991). "[T]he policy of allowing the amendments of pleadings must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. at 443 (internal quotations omitted). Leave to amend a complaint should be granted if it appears at all possible that the plaintiff can correct a defect in his complaint. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.

-7-

1  2000).

2        To state a claim for violation of his civil rights, a
3  plaintiff must allege that a specific individual personally
4  participated in the constitutional deprivation or that a
5  specific governmental supervisory official was aware of
6  widespread abuses and acted with deliberate indifference to the
7  plaintiff's constitutional rights or failed to take action to
8  prevent further misconduct.  See Rizzo v. Goode, 423 U.S. 362,
9  377, 96 S. Ct. 598, 607 (1976); King v. Atiyeh, 814 F.2d 565,
10 568 (9th Cir. 1987).  There is no respondeat superior liability
11 pursuant to section 1983.  To state a claim against a government
12 official, the civil rights plaintiff must allege how the
13 official individually personally participated in the
14 constitutional deprivation or that a governmental supervisory
15 official was aware of the widespread abuses and acted with
16 deliberate indifference to the plaintiff's constitutional rights
17 or failed to take action to prevent further misconduct.  See
18 Rizzo v. Goode, 423 U.S. at 377; King, 814 F.2d at 568.

19       The Court notes no scheduling order has issued and no
20 discovery has occurred in this matter.  This matter has not been
21 pending for a lengthy period of time since issuance of the
22 service order in November of 2006.  With regard to Defendant
23 Freidman, the only defendant who has been served and who has
24 appeared in this matter, Plaintiff does not allege a new factual
25 basis for his claims.  To the extent Plaintiff seeks to name
26 specific defendants who were each individually deliberately
27 indifferent to his medical needs, i.e., Detention Officers

Waters, Camandini, Nyakonda, Abrego, Myers, Whitney, and Kannar, the Court concludes the amendment should be allowed and that the Court should order Plaintiff return service packets to the Court for these Defendants and that the Court should order these Defendants to answer Plaintiff's allegation that they were deliberately indifferent to his serious medical needs.

However, with regard to Plaintiff's attempts to add the individual members of the Maricopa County Board of Supervisors as defendants, the Court believes the amendment should not be allowed. There is not a sufficient nexus between Plaintiff's alleged injury, i.e., falling from an upper bunk, and the alleged act of the Supervisors, i.e., negligently failing to provide more funding to the Sheriff's department, to state a claim for relief pursuant to section 1983. Plaintiff's allegations do not state a claim that the members of the Maricopa County Board of Supervisors are liable for any alleged violation of his constitutional rights. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not set forth any allegations to show that these individuals had any personal involvement in his assignment to an upper bunk despite a medical order requiring him to be assigned a lower bunk. There is no *respondeat superior* liability pursuant to section 1983, so these proposed defendants' position as the supervisors of a person who was the supervisor of persons who allegedly violated Plaintiff's constitutional rights does

-9-

not impose liability. <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036-37 (1978); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

Additionally, Plaintiff is advised, again, that Maricopa County, the Maricopa County Sheriff's Office, and the Maricopa County Health Services department are not proper defendants in this or any other section 1983 matter. Furthermore, and notably, Plaintiff has alleged the individual defendants are liable because they did <u>not</u> follow appropriate procedures established by these county entities, which counters his claims of "municipal" liability. Furthermore, Plaintiff has not adequately alleged a failure to train basis for liability on the part of Sheriff Arpaio, and he should not be allowed to add Sheriff Arpaio as a defendant in this matter.[2]

The Court concludes that the motion to amend should also be denied with respect to allowing Plaintiff to add a claim regarding his allergy to metal and being placed in handcuffs because Plaintiff alleges events which would more properly be addressed in a separate section 1983 suit, and which is the subject of Plaintiff's other existing section 1983 suit, and this claim for relief alleges actions by individuals who have

---

[2] Plaintiff is warned that his repeated filing of complaints naming defendants who are immune from suit or naming defendants who are immune from monetary damages in a suit for such damages may result in a finding Plaintiff has committed "three strikes" and may no longer be granted permission to file complaints and proceed in forma pauperis. Additionally, or alternatively, Plaintiff's repeated filing of frivolous motions and complaints may lead to Plaintiff being declared a "vexatious litigant" pursuant to the All Writs Act at 28 U.S.C. § 1651 (2006).

-10-

not been named as defendants in this suit.

The Court further concludes Plaintiff should be allowed to add state law-based claims to this suit. Plaintiff may, apparently, sue the named defendants for negligence pursuant to state law. See Flanders v. Maricopa County, 203 Ariz. 368, 54 P.3d 837 (Ct. App. 2002).

**Motion to consolidate**

In a lawsuit docketed as 2:06 CV 02680 JWS MEA, Plaintiff alleges his Eighth Amendment rights were violated when Detention Officer Abrego and Sergeant Myers required him to be hand-cuffed in metal cuffs, resulting in "perforation of skin, pain, swelling, discomfort" and an elevated risk of infection as a result of being placed in the metal cuffs. See No. 06 CV 02680, Docket No. 13. Plaintiff alleges a second count on this basis against Detention Officer Kannar  Plaintiff names as defendants Sheriff Arpaio, Sergeant Myers, Detention Officer Kannar, and Detention Officer Abrego. Id. In that matter, Plaintiff seeks declaratory and injunctive relief and compensatory and punitive monetary damages.

The Court recommends these cases not be consolidated. The cases deal with separate facts and defendants, and pose distinct issues with regard to possible defenses, i.e., exhaustion and *de minimus* harm.

**III Conclusion**

Plaintiff should be allowed to amend his complaint to

-11-

add the individual defendants, but should not be allowed to amend his complaint to add Sheriff Arpaio and the Maricopa County Board of Supervisors as Defendants. Plaintiff should not be allowed to amend his complaint to add a cause of action which he is already litigating in a separate matter. Additionally, the Court recommends these cases not be consolidated. because they deal with separate facts and defendants, and pose distinct issues with regard to possible defenses.

**THEREFORE, IT IS RECOMMENDED THAT** Plaintiff's motion to amend his complaint (Docket No. 33) be **granted** to the extent stated in this Report and Recommendation.

**IT IS FURTHER RECOMMENDED THAT** Plaintiff's motion to consolidate this matter with Docket No. 2:06 CV 2680 be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate

-12-

consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 19th day of March, 2007.

_____
Mark E. Aspey
United States Magistrate Judge